In re Joe Frederick BILBERRY, Valerie Edith Bilberry, dba Bilberry Printing and Lithographing, Debtors.

George W. LEDFORD, Trustee, Plaintiff,

v.

Carolyn McKINNEY,

and

Thomas McKinney,

and

Joe F. Bilberry,

and

Valerie E. Bilberry,

and

Gem City Savings Association now known as Gem Savings Association, Gem Plaza,

and

Robert L. Roderer, Auditor,

and

United States of America,

and

State of Ohio Department of Taxation, Defendants.

Bankruptcy No. 3–81–02294.
Adv. No. 3–82–0355.

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 3, 1983.

William H. Macbeth, Dayton, Ohio, for defendant, Carolyn McKinney.

George W. Ledford, trustee, Englewood, Ohio.

James F. Cannon, Dayton, Ohio, for debtors.

DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

FACTS

On 17 August 1981 Joe Frederick Bilberry and Valerie Edith Bilberry filed a joint Petition for relief in accordance with Chap-

ter 13 of the Title 11, United States Code, and proposed a Plan, with several subsequent modifications, to be funded from the operation of a business operated under the name of Bilberry Printing and Lithographing. The case was subsequently converted to a Chapter 7 administration by order for relief on 7 February 1982 and George W. Ledford was appointed as Trustee who then proceeded to liquidate the estate assets.

In connection with the estate liquidation the Trustee filed on 8 June 1982 an adversarial proceeding for sale of a parcel of real estate, the record title of which was vested in Joe F. Bilberry, and for rejection of an installment land contract purchase agreement with Thomas McKinney and Carolyn McKinney, husband and wife as purchasers, dated 6 November 1973 and duly recorded on 12 November 1973 in the Montgomery County Mortgage Records. The purchase price was $14400.00 bearing interest at 7¾% per annum, payable by a payment of $500.00 upon execution, and the balance by monthly installments of $134.00. This real property was encumbered on 18 July 1973 by a mortgage to Gem Savings Association and by liens for delinquent real estate taxes and junior liens against Debtors to the State of Ohio and the United States. Carolyn McKinney is the successor in interest of her husband, Thomas McKinney, who died January 18, 1980. Carolyn McKinney ceased to reside in the property upon the death of her husband and the premises have since then been rented as investment property.

Carolyn McKinney has maintained all payments to Gem Savings Association and its mortgage is current, with a balance owing of $13,025.00. In addition to the mortgage payments, she has accounted for investments in improvements for new wiring, furnace repair and replacement, and the basement in the amount of $3050.00.

The current fair market value of the property is $15000.00; and, the present balance due on the land contract is about $500.00 less than the balance due on the mortgage to Gem Savings. The mortgage was in the original amount of $14,400.00 and the McKinneys made the mortgage payments directly to the mortgagee in lieu of the $134.00 land contract installments to the Bilberrys.

No evidence has been adduced as to the amount of the liens of the State of Ohio and the United States, or the validity and priority thereof.

After the submission of the issues instanter on 11 July 1983, upon request of the Debtors, an order was entered in the case file for conversion of the Chapter 7 case to a Chapter 13 administration; and a proposed Plan was filed on 19 July 1983.

## DECISION

The Trustee and the attorney for Defendant, Carolyn McKinney, have requested a bifurcated determination of the legal rights as to a rejection of the land contract and sale of the property by the Trustee before proceeding with a determination of the distribution of sale proceeds. Several complicated questions have been posed as to who as a matter of law is "in possession" and whether the assumption by the purchasers of the balance due on the Gem Savings mortgage as a practical matter constituting payment of the balance due on the land contract renders the land contract as no longer "executory." The parties appear to overlook the necessity for resolution of precedent issues, which obviate the philosophical legal questions propounded.

The gravamen of any action by a Trustee to sell estate property, or the rejection or assumption of executory contracts is the question of benefit to the estate. The Trustee did not assume the contract within 60 days after the order of relief; hence, it is deemed rejected as of that date and constitutes a "breach" giving rise to an appropriate claim for damages. 11 U.S.C. § 365(d)(1). Since the Trustee did not assume the contract, the damages accrue as of the date of the breach. Treating the purchaser as not being in possession, she has a lien on the interest of the debtor for the recovery of the portion of the purchase price paid. 11 U.S.C. § 365(g). There is no evidence that the property can be sold for

more than its current valuation of $15,-000.00. The amount paid on the purchase price is at least $500.00 plus reducing the first mortgage balance by at least $1325.00

From these general computations, after payment of the balance due on the first mortgage and the lien of the purchaser, any benefit to the estate, which is problematical, would be nominal, at best. Assuming a nominal realization, the expenses of sale would create a negative effect on the estate. It would serve no purpose further to rationalize the legal effect of the cost of improvements added to the property by the purchasers in the amount of $3050.00, although it probably is not a part of the purchase price lien.

In summary, the court is constrained to deny the request to sell the subject real property because such a sale would be burdensome to the estate, even assuming that there are no other liens or expenses of sale not of record herein.