**In re AOV INDUSTRIES, INC., Debtor.**

Bankruptcy No. 81–00617.
Civ. A. No. 84–0330.

United States District Court,
District of Columbia.

July 31, 1984.

Edward Genn, Washington, D.C., for appellant.

Alan N. Braverman, Washington, D.C., for appellee.

### MEMORANDUM ORDER

JUNE L. GREEN, District Judge.

This is an appeal from the United States Bankruptcy Court for the District of Columbia. Appellant Hubert R. Bruce challenges an order dated October 21, 1983, from the Honorable Roger M. Whelan, United States Bankruptcy Judge. The order authorizes William J. Perlstein, an attorney and partner at Wilmer, Cutler & Pickering, as Disbursing Agent for AOV Industries Fund ("the Fund") to enter into a Disbursing Agreement. Upon consideration of "Brief of Appellants [sic], with Appendix," "Brief of Appellee William J. Perlstein as Disbursing Agent for the AOV Industries Fund," "Reply Brief of Appellant Hubert R. Bruce," and the entire record herein, the Court affirms the Bankruptcy Judge's order.

I.

The Chapter 11 proceeding that underlies this appeal began on November 6, 1981, by the filing of a Petition for Reorganization. The debtors in this action have filed an Amended Plan for Reorganization ("Amended Plan"). The Amended Plan provides, *inter alia*, that Mr. Perlstein be appointed Disbursing Agent for the Fund. The plan was objected to by appellant Bruce, and after three days of hearings on the matter, the Amended Plan was confirmed by the Bankruptcy Judge on June 30, 1983. Mr. Bruce appealed that decision to the United States District Court for the District of Columbia. On July 26, 1983, the Honorable Charles R. Richey issued an opinion and order affirming the Bankruptcy Judge's Confirmation Order. *In re AOV Industries, Inc.*, 31 B.R. 1005 (D.D.C. 1983). Mr. Bruce has appealed that decision to the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit").[1] He has also sought a stay of the order confirming the plan from Judge Richey, but Judge Richey denied that motion on August 31, 1983. *In re AOV Industries, Inc.*, No. 1901 (D.D.C. Aug. 31, 1983) (order denying stay and request for hearing). No stay has been granted by the D.C. Circuit.

On October 11, 1983, Mr. Perlstein, as Disbursing Agent for the Fund, applied for the authority to enter into a Disbursing Agreement to help effectuate the terms of the Amended Plan. On Friday, October 21, 1983, ten days after the application was filed, the Bankruptcy Judge signed an order authorizing the Disbursing Agent's authority to enter into the Disbursing Agreement (October 21, 1983 Order).

At 6:30 that same evening, after the above order was signed, counsel for Mr. Bruce left with the Courthouse guard an "Opposition to 'Application of Disbursing Agent for Authority to Enter Into Disbursing Agreement,' with request for Hearing".

---

**1.** Argument on the appeal of the Confirmation Order is scheduled for sometime in the 1984 Term.

On October 31, 1983, appellant filed a motion to set aside the October 21, 1983 Order. The basis for this motion was that this order was entered before Mr. Bruce's opposition was filed and that the Bankruptcy Judge should have held a hearing. Also, on October 31, 1983, appellant filed a notice of appeal to the United States District Court for the District of Columbia, challenging the October 21, 1983 Order.

In response to Mr. Bruce's motion to set aside the October 21, 1983 Order, the Disbursing Agent stated that he had no objection to the Court's consideration of the opposition filed.

On November 17, 1983, after having considered Mr. Bruce's opposition, the Court issued another order authorizing the Disbursing Agent to enter into the Disbursing Agreement. No appeal has been taken from that order.

## II.

Despite appellant's contentions, the issue that is before this Court is a very narrow one. All that this Court must consider is whether the Bankruptcy Judge was correct on October 21, 1983, in issuing an order permitting the Disbursing Agent to enter into the Disbursing Agreement. Many of the other issues that are presented by appellant in this action are being addressed in numerous other appeals.

■ Appellant has requested that this appeal be transferred to the Honorable Norma Holloway Johnson, United States District Court Judge, claiming that this matter is substantially related to the appeal that is before her. The case before Judge Johnson is an appeal from an order issued December 21, 1983, by Bankruptcy Judge Whelan, awarding certain fees to Wilmer, Cutler & Pickering. Because the Disbursing Agent is a partner at Wilmer, Cutler & Pickering, appellant claims that the issue before this Court should be resolved together with the case before Judge Johnson. No real explanation has been presented to this Court which could justify a transfer of this appeal. The Court notes that a transfer might cause undue delay in a matter which admittedly involves merely a procedural issue. Further, the Court notes that in his appellant brief in the case before Judge Johnson, appellant Bruce states that the case "submitted to Judge June Green" is only a "tangentially related proceeding[ ]" to the one before Judge Johnson. Brief of Appellants [sic] at Appendix, "Brief of Appellant—Appeal from the Order of the United States Bankruptcy Court for the District of Columbia, dated December 21, 1983, Awarding Compensation to Wilmer, Cutler & Pickering," p. 4, *In re AOV Industries, Inc.*, No. 84–335 (D.D.C. February 16, 1984). Therefore, the Court denies appellant's request to transfer this matter to Judge Johnson.

■ Appellant's principal objection to the October 21, 1983 Order is that his rights will be prejudiced if any portion of the Fund is distributed by the Disbursing Agent. These arguments of prejudice were addressed when Mr. Bruce moved for a stay pending appeal of the confirmation of the Amended Plan. Further, the Court notes that in the absence of a stay it is plain that the Disbursing Agent and the Bankruptcy Court are entitled to implement the plan. *See, e.g., In re Roberts, Inc.*, 652 F.2d 793, 798 (9th Cir.1981).

■ In addressing appellant's procedural objections, appellant argues that the Bankruptcy Judge improperly issued the October 12, 1982 Order because he failed to provide enough time for the parties to respond to the Disbursing Agent's application. The Court notes that this question is now moot and, therefore, need not be addressed. After appellant had filed his opposition to the Disbursing Agent's application and after he filed a motion to set aside the October 12, 1983 Order, the Bankruptcy Judge again examined the Disbursing Agent's application, as well as appellant's opposition to the application. Upon this re-examination, the Bankruptcy Judge again determined that the "Disbursing Agreement is in the best interest of creditors and is consistent with the terms of the Debtor's Plan of Reorganization confirmed

by the Court on June 30, 1983, and that no hearing is required...."

■ Finally, appellant argues that the Bankruptcy Judge should have held a hearing on the issue of whether the application of the Disbursing Agent for authority to enter into the Disbursing Agreement should have been approved. This claim is also without merit. What is involved in the Disbursing Agent's application is merely an administrative matter to help effectuate the terms of the Amended Plan. All substantive issues were addressed in the three days of hearing leading to the confirmation of the Amended Plan. No separate hearing is required for strictly an administrative matter.

The Court having found that the Bankruptcy Judge was correct in entering an order approving the Disbursing Agent's application, it is by the Court this 31st day of July 1984,

ORDERED that the Bankruptcy Order dated October 21, 1983, authorizing the Disbursing Agent to enter into a Disbursing Agreement, be, and hereby is, affirmed.