**In the Matter of James Harold COSSETT, Rosa Ann Cossett.**

**Bankruptcy No. 384–02054.**

United States Bankruptcy Court, S.D. Ohio, W.D.

July 19, 1985.

---

George W. Ledford, Dayton, Ohio, Trustee.

Jerome M. Strozdas, Springfield, Ohio, for M & M Bank.

DECISION AND ENTRY DENYING TRUSTEE'S MOTION FOR ORDER TO EFFECTUATE SALE AND SUSTAINING DEBTORS' OBJECTION TO · CONFIRMATION OF SALE.

WILLIAM A. CLARK, Bankruptcy Judge.

This matter came on for hearing on July 3, 1985 upon the Chapter 7 Trustee's "Motion for Order to Effectuate Sale", on an "Objection to Confirmation of Sale" filed by the Debtors, James H. Cossett and Rosa Ann Cossett, and for evaluation of an appraisal submitted by the trustee after the sale was conducted.

On May 24, 1985 this Court entered an order, following a hearing held before the Court on May 23, 1985, which overruled debtors' motion to stop the Trustee's sale of residential property of the Debtors at public sale. On May 28, 1985 an emergency hearing was held on the Debtors' appeal from this Court's Order before The Hon. Judge Walter Rice, District Court Judge for the Southern District of Ohio. Judge Rice upheld this Court's Order during the course of the hearing and permitted the sale to go forward later that same day. The only bid submitted at the sale was made by the first mortgagee, Merchants and Mechanics Federal Savings and Loan Association ("M & M"), in the amount of $40,000.

This Court was surprised, and greatly unsettled by the proposed sales price. In their bankruptcy schedules, the Debtors valued their residence in the amount of $89,500. Further, at the hearing held before this Court on May 23, 1985, the Trustee introduced into evidence six certified copies of earlier land appraisals performed for "M & M" in connection with foreclosure proceedings in the Common Pleas Court of Greene County, Ohio.

The dates and values of these appraisals are as follows:

| May 10, 1983 | $89,500 |
| November 1, 1983 | $75,000 |
| December 2, 1983 | $85,000 |
| March 15, 1984 | $85,000 |

| | |
|---|---|
| August 8, 1984 | $85,000 |
| December 7, 1984 | $85,000 |

This Court is, of course, not conclusively bound by these previous appraisals, but they are of sufficient value to raise serious doubts regarding the propriety of the Trustee's proposed sale to "M & M". It is also important that, except for the appraisals set out above, no other evidence regarding the value of the Debtor's residence was presented by any party at the hearing on May 23rd. When this Court issued its Order of May 24th, permitting the sale of the Debtors' residence, it was assumed that the Debtors' valuation, while perhaps somewhat inflated, was reasonably close to the fair market value of the residence. This assumption was also grounded on the appraised values set forth in the appraisal exhibits and the lack of other evidence to the contrary.

Apparently, the Trustee also believed that the Debtors' residence was of significantly greater value than $40,000. The Trustee filed a Report containing a Summary of Financial Condition of Estate in which he lists the value of the residence at $60,-000 (based on a calculation of ⅔ × $90,-000). A sale price of $60,000 would provide a fund for distribution to unsecured creditors. This Court is unable to compute a fund for unsecured creditors if the residential property is sold for $40,000.[1]

This Court is now being requested to approve a sale of property at a price that appears, at this stage of the proceedings, to be less than 50% of the fair market value of the property. Although § 363 of the Bankruptcy Code of 1978 has lessened the role of Bankruptcy Courts in sales of estate property, this Court finds nothing in the statutes of the Bankruptcy Code, its legislative history, or case law, indicating that the Court should acquiesce to a proposal that estate property be sold at a price vastly beneath its appraised market value.

A "court may set aside a sale where there is an egregious disproportion between the sale price and the value of the contract sold so as to 'shock the conscience of the Court.'" *In re M & M Transp. Co.*, 13 B.R. 861, 867 (Bkrtcy.S.D.N.Y.1981). It has also been recognized that "the equitable power of bankruptcy courts to set aside orders is well established." *Matter of CADA Investments, Inc.*, 664 F.2d 1158, 1161 (9th Cir.1981).[2]

The Court's Order, permitting the sale of Debtors' residence, was also based on the assumption that such sale would provide dividends for the unsecured creditors. All evidence available at that time indicated that such a result was probable. As mentioned above, the proposed sale of Debtors' residence will not generate funds for the unsecured creditors.[3]

In short, a proposed sales price of $40,000 for property which seems to be worth $85,000 "shocks the conscience" of this Court. The proposed price appears to be grossly inadequate and simply will not be approved. Nor can it be said here, as in some cases, that the best evidence of the value of an item is the price it brings at auction. Here there was only one bidder,

**1.** After being informed of the proposed sales price of $40,000, this court appointed Conrad E. McMonigle as an appraiser. Mr. McMonigle performed a "drive-by" appraisal and valued the property at $46,000. Because of the nature of the appraisal, the great disparity between the six previous appraisals and the "drive-by" appraisal, and the unavailability of Mr. McMonigle at the July 3rd hearing, the Court can at this time give this particular appraisal but slight evidentiary value.

**2.** It should be noted that in the instant matter the Court is not being requested to set aside a confirmed sale, but merely to approve or reject a proposed sale. At least one court has found that the standard for rejecting a proposed sale is less strict than that for setting aside a confirmed sale. *See, In re General Insecticide Co.*, 403 F.2d 629, 630–631 (2d Cir.1968).

**3.** There is precedent in this Court for refusing to permit the sale of estate property, where there would be no benefit to the estate. *See, In re Bilberry*, 32 B.R. 197 (Bkrtcy.S.D.Ohio 1983). Arguably, § 363 of the Bankruptcy Code may require a modification of this practice. But, due to the appearance of a grossly inadequate proposed sales price, the Court need not consider the continuing validity of *Bilberry* at this time.

who is the first mortgagee having actual knowledge of the previous appraisals of the Debtors' residence.

Only oral arguments were presented at the July 3, 1985 hearing. No party offered testimony concerning the value of the Debtors' real estate nor did any party request an opportunity to introduce such testimony at a later time.

At the hearing it was disclosed that the Debtors have filed an appeal with the Sixth Circuit Court of Appeals regarding both the District Court's verbal order of May 28, 1985 and apparently other matters concerning this bankruptcy case. The Trustee's stated position (Tr. 32) is that this Bankruptcy Court does not have subject matter jurisdiction concerning matters which have been previously decided and are currently on appeal, but that under Bankruptcy Rule 8005 this Court has jurisdiction to order the Trustee to effectuate the sale and to make other appropriate orders during the pendency of an appeal to protect the rights of parties in interest. The Court notes that if it has jurisdiction to order the Trustee to effectuate a sale, it also has the power to refuse to order the Trustee to effectuate the sale.

In considering the status of this Court's jurisdiction, following an appeal, four sources have been examined. First, the case law of this Court's Circuit Court of Appeals may be summarized by the following:

> As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals. This, however, is not an inflexible rule.
>
> Thus this court has consistently held that a district court retains jurisdiction to proceed with matters that are in aid of the appeal. (citations omitted) *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).

Second, the relevant portion of Bankruptcy Rule 8005 [Stay Pending Appeal] reads as follows:

> [S]ubject to the power of the district court and the bankruptcy appellate panel

reserved hereinafter, the bankruptcy court may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

Third, 11 U.S.C. § 105(a) provides that this court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

Fourth, on July 9, 1985 the District Court issued a decision setting forth the reasoning for its previous verbal order of May 28, 1985. It is apparent from that decision that there are still certain jurisdictional aspects of this case before the District Court, which will subsequently be ruled upon by that Court. However, the District Judge specifically provided that the Debtors' objection to the sale of the real estate, as well as any motion to confirm a sale, is to be heard by this court.

■ Based, then, on the case law of the Sixth Circuit, Bankruptcy Rule 8005, 11 U.S.C. § 105(a) and the decision of the District Court, this Court finds that it has jurisdiction to rule on the Trustee's "Motion for Order to Effectuate Sale" and the Debtors' "Objection to Confirmation of Sale." As discussed above, the proposed sales price appears to be grossly inadequate and therefore this Court is compelled to deny the Trustee's motion. [It should not be inferred that this Court would necessarily sustain the Trustee's motion, even if the sale price were adequate. It is difficult to discern how such an order would be in aid of the appeal or how the order could be fashioned in such terms so as to protect the debtors.]

Specifically, this Court is refusing to issue an order to effectuate the sale and, thereby, sustaining the Debtors' objection to the proposed sale. Left undisturbed is this Court's previous order, which permitted the sale and now appears to be before the Sixth Circuit Court of Appeals. Whether or not the previous order will be vacated at some later time depends in the first

instance, of course, upon the disposition of the matter by the Court of Appeals, and secondly, upon any further proceedings before either the District Court or this Court.

For the foregoing reasons the Trustee's motion for an order to effectuate sale is hereby DENIED and Debtors' objection to confirmation is SUSTAINED.