In the Matter of the COMMODORE CORPORATION, Commodore Home Systems, Inc., Debtors.

No. 85–30568.

United States Bankruptcy Court,
N.D. Indiana,
South Bend Division.

June 2, 1987.

Salvatore A. Barbatano, James Sprayregen, Lord, Bissell & Brook, Chicago, Ill., John R. Lutz, Goshen, Ind., for Commodore Corporation.

Grant F. Shipley, Thomas P. Yoder, Fort Wayne, Ind., for Thomas and Susan Rublein, First National Bank of Boston.

William A. Thorne, Mishawaka, Ind., for Citicorp Indus. Credit, Inc.

Joel R. Wolfson, Nicolas Gilman, Washington, D.C., for Leo M. Mieth, Tom M. Gill, Michael T. Nail, Vietnam Veterans of Am., Inc.

Susan J. Hill, Securities & Exchange Commission, Chicago, Ill., for Securities & Exchange Com.

Elliott D. Levin, Rubin & Levin, Indianapolis, Ind., Joseph D. Bradley, South Bend, Ind., for Creditors Committee.

Paula K. Jacobi, Malcolm M. Gaynor, Richard M. Bendix, Jr., Chicago, Ill., for Great American Credit Corp.

Christopher Potts, South Bend, Ind., for Local Counsel for Vietnam Veterans of Am., Inc.

David Peebles, Fort Wayne, Ind., for Edgar F. Heizer, Jr.

Will I. Kohn, South Bend, Ind., for Insurance Co. of America.

## ORDER

ROBERT K. RODIBAUGH, Senior Bankruptcy Judge.

At South Bend, Indiana, on June 2, 1987.

The matter is before the court on a Motion to Stay Further Distributions and an Opposition to the Eighth Application to Make Distributions filed by movants Tom M. Gill, Michael T. Nail, Leo M. Mieth, individually and on behalf of a class of persons similarly situated, and the Vietnam Veterans of America, Inc. Hearings on the motion to stay further distribution was held on December 11, 1986, and on the opposition to the eighth application on March 12, 1987. The parties filed briefs on the motion to stay further distribution following which the matters were taken under advisement. The court being fully advised in the premises enters the following findings and order.

FINDINGS:

The matters before the court are continuing disputes in the complex bankruptcy reorganization proceedings of the Commodore Corporation and the Commodore Home Systems, Inc. (collectively "Commodore" or "debtor"). A brief review of the events leading to these matters is in order:

The joint plan of reorganization filed by Commodore on November 19, 1985, as modified by material modifications filed on December 10, 1985, January 21, 1986, and January 31, 1986 (debtor's third amended joint plan of reorganization) and technical amendments filed on March 31, 1986, was

confirmed by this court by orders dated April 28, 1986 and May 5, 1986. Movants filed appeals dated May 5, May 7, and May 16, 1986. However, movants never sought a stay of the May 5, 1986 Order Confirming the Plan.

Despite the May 5, 1986 Order, funding of the plan could not commence nor could distribution begin as there was no final order. According to Article 1, paragraph 17 of the third amended plan of reorganization,

> 17. *"Final Order"* shall mean an Order entered and docketed by the Court on a certain date, from which certain date eleven business days have elapsed and on which Order (i) no stay, appeal or certiorari proceeding is in effect with respect to such Order and (ii) the Order has not been vacated.

Therefore, debtor filed an emergency motion to modify the plan so as to make it effective and permit funding. Notice of this hearing was sent to movants and all parties in interest, and following an evidentiary hearing on June 13, 1986, this court entered an order on June 16, 1986 modifying the Plan.[1] These technical modifications allowed the plan to go into effect on the first business day thereafter on which no stay of the order confirming the plan was in effect. Pursuant to these modifications, the plan became effective and debtors began distribution upon allowed claims.[2] By August 15, 1986, five distributions had been made pursuant to orders of this court. Movants never sought a stay of these distributions or of further consummation under the plan.

On September 2, 1986, movants moved the District Court to vacate this court's order of June 16. On October 7, 1986, movants filed an objection to the Sixth Application to Make Distribution, asserting the order of June 16, 1986 was invalid as this court lacked jurisdiction to enter such an order on account of the pending appeal of the order confirming the plan.[3] Movants now seek a stay of further distribution under the plan until the District Court determines the validity of the June 16, 1986 Order.

DISCUSSION:

The court first notes that pursuant to Bankruptcy Rule 8005, movants failed to seek a stay of the order confirming the plan. Further, movants were well aware of the purpose of the June 13 hearing and the subsequent June 16, 1986 order which technically altered the original provisions of the plan barring consummation while appeals were pending and substituting instead, the provisions which limit consummation only if a stay of the order confirming the plan was in effect. In the order of June 16, 1986, this court also determined such modifications would not have any material adverse effect upon the rights of the creditors.

■ It is an established rule that a properly filed notice of appeal transfers jurisdiction from the trial court to the appellate court with regard to any matters involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982); *In re Thorp*, 655 F.2d 997, 998 (9th Cir.1981). Hence, the lower court is divest-

---

1. The June 16, 1986 order replaced the language of Article I, paragraphs 16 and 17, and paragraph 6(c) of the Stock Purchase Agreement. These sections as modified are as follows:

16. *"Effective Date"* shall mean the first business day on or after the date upon which the confirmation order becomes a Final Order; provided, however, that if a stay of the Order confirming the Plan is in effect on such first business day, then the Effective Date shall be the first business day thereafter on which (i) no stay of the Order confirming the Plan is in effect with respect to the Order and (ii) the Order confirming the Plan has not been vacated.

17. *"Final Order"* shall mean an Order entered and docketed by the Court on a certain date, from which certain date (i) no stay is in effect with respect to such Order and (ii) the Order has not been vacated.

(6)(c) *Plan of Reorganization.* The United States Bankruptcy Court for the Northern District of Indiana (the "Bankruptcy Court") shall have entered a final order confirming the Plan set forth in *Exhibit B* attached hereto, in form and substance satisfactory to Buyer; and such order shall not have been vacated, reversed, modified, amended or stayed.

2. The plan required each distribution to occur only after notice, a hearing and an order of this court.

3. The Objection to the Sixth Application was mooted as the Sixth Application was approved prior to the hearing on the Objection.

**64**

ed of jurisdiction to proceed further with such matters. *In re Bialac*, 15 B.R. 901, 903 (Bankr. 9th Cir.1981) *aff'd* 694 F.2d 625 (9th Cir.1982). This means the lower court may not do anything which impacts on any of the issues or matters on appeal. In this case the modifications as allowed by the June 16, 1986 order do not impact on any of the issues on appeal. The order of June 16, 1986 made a technical modification in that the effective date of the plan was changed allowing distribution only if no stay was in effect. Movants objected to the confirmation of the plan until issues concerning their class action claim filed in this bankruptcy proceedings were resolved. Prior to confirmation, movants demanded the court value their class claim for purposes of voting on the plan, which assertion was denied. The plan of reorganization was subsequently confirmed without such a computation and without allowing movants to vote based on the value of the class claim.[4] It is these objections which are presumably on appeal, and hence the modification of the plan changing the effective date does not impact on those issues on appeal such that this court's order of June 16, 1986 is invalid. The court also notes that in the absence of a stay, this court is entitled to implement the Plan. *See e.g. In re AOV Industries, Inc.*, 46 B.R. 190, 192 (D.D.C. 1984); *In re Roberts Farms, Inc.*, 652 F.2d 793, 798 (9th Cir.1981). Further, the court determines that movants' attempt to stay distribution by arguing lack of jurisdiction is a way to circumvent the posting of the bond as required under Bankruptcy Rule 8005 in order to obtain a stay of distribution.

Accordingly, the motion to stay further distribution is denied. Movants' objection to the eighth applications to make distribution is overruled.

SO ORDERED.