### In re PRUDENTIAL LINES, INC., Debtor.

No. M47

No. 86–B–11773 (FGC).

United States District Court, S.D. New York.

Oct. 1, 1993.

As Amended Oct. 13, 1993.

---

See also 148 B.R. 730.

Richard H. Brown, Jr., Kirlin, Campbell, Meadows & Keating, New York City, for appellant.

Ellen G. Zindler, New York City, for debtor.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

American Steamship Owners Mutual Protection and Indemnity Association, Inc. ("American Club") has moved for leave to appeal an interlocutory order of Bankruptcy Judge Francis G. Conrad pursuant to Bankruptcy Rule 8003 and 28 U.S.C. § 158(a). For the reasons stated below, American Club's motion is granted.

## BACKGROUND

Prudential Lines, Inc. ("PLI") went into bankruptcy in 1986. American Club issued PLI annual P & I insurance policies from 1940 through 1970 and from 1975 through early 1986. The Maritime Asbestos Legal Clinic ("MALC") represents numerous asbestosis claimants seeking damages for their alleged exposure to asbestos while serving on PLI ships.

On October 4, 1990 the Bankruptcy Court confirmed the Second Amended Joint Plan of Reorganization. On December 10, 1992, the Bankruptcy Court issued a "Memorandum of Decision on Summary Judgment and 11 U.S.C. § 553." I assume familiarity with that opinion, which is reported at 148 B.R. 730 (Bankr.S.D.N.Y.1992). The opinion decided the following issues: (a) the allocation among policies of injury due to multiple exposures; (b) the application of policy deductibles; (c) the manner in which the trustee may satisfy the "pay-first" clause in the policies; and (d) American Club's right to interest on past due premiums and assessments. On January 29, 1993, American Club filed an appeal of that decision which is currently pending before this Court under docket number 93 Civ. 1481 (CSH).

In March of 1993 the PLI Disbursement Trustee and MALC entered into a stipulation settling the asbestosis claims. The Bankruptcy Court "so ordered" the stipulation on March 9, 1993. American Club subsequently declined to pay the claims for indemnification asserted by the Trustee pursuant to the stipulation. On August 4, 1993, upon MALC's motion, the Bankruptcy Court ordered American Club to fully comply with the Bankruptcy Plan of October 4, 1990 and to reimburse the Trustee for the sums expended pursuant to the stipulation. American Club, assuming without formally conceding that the order is interlocutory in nature, now seeks leave to appeal.

## DISCUSSION

■ Appeals from interlocutory orders in bankruptcy cases are governed by 28 U.S.C. § 158, which provides in pertinent part:

(a) The district courts of the United States shall have jurisdiction to hear appeals from

final judgments, orders, and decrees, and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

In order to determine whether leave to appeal an interlocutory bankruptcy order shall be granted, courts apply the standard governing interlocutory appeals from the district courts to the courts of appeals as set forth in 28 U.S.C. § 1292. Under that section, a district judge may grant leave to appeal an interlocutory order upon finding that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). I find that the issue presented by American Club meets these requirements and that leave to appeal is warranted.

■ American Club argues that the Bankruptcy Court lacked jurisdiction to issue the August 4, 1993 Order because the Order impacts on issues under appeal in this Court.[1] In its appeal filed January 29, 1992, American Club asserts that the Bankruptcy Court erred in its application of *Liman v. American Steamship Owners Mutual Protection and Indemnity Association,* 299 F.Supp. 106 (S.D.N.Y.1969), *aff'd* 417 F.2d 627 (2d Cir.1969), *cert. denied* 397 U.S. 936, 90 S.Ct. 946, 25 L.Ed.2d 116 (1970) to the facts of this case, thereby permitting the Trustee to enter into *Liman* arrangements with the insurers.[2] As part of the August 4, 1993 Order, the Bankruptcy Court directed American Club to reimburse the PLI Dis-

bursement Trustee "for sums expended by the Trustee in accordance with *Liman.*" American Club Motion for Leave to Appeal, Appendix A.

Given that the issue of the applicability of *Liman* to the "pay first" clause of the PLI indemnification policy in this case was under appeal in this Court at the time of the Bankruptcy Court's August 4, 1993 Order, it would appear that the Order impacts on an issue upon appeal. If, indeed, the Order impacts on an issue in the pending appeal, it is possible that the Bankruptcy Court had no jurisdiction to issue the Order. *See In the Matter of the Commodore Corporation,* 87 B.R. 62, 63–64 (Bankr.N.D.Ind.1987) (holding that a bankruptcy court has no jurisdiction "to do anything that impacts on any issue or matter under appeal"). Accordingly, whether the Bankruptcy Court had jurisdiction to enter that Order given the pending appeal on the *Liman* issue in this Court presents a controlling issue of law.

This jurisdictional issue is an issue of law as to which there is substantial ground for difference of opinion. An appeal apparently transfers jurisdiction "from the trial court to the appellate court with regard to any matters involved in the appeal." *Id.,* at 63 (citations omitted). Yet, no clear authority outlines the extent to which bankruptcy court jurisdiction is usurped in the administration of an approved bankruptcy plan when a decision of the bankruptcy court has been appealed. *See e.g. In the Matter of Excavation Construction, Inc.,* 8 B.R. 752, 760 (Bankr. D.Md.1981) (bankruptcy court had no jurisdiction to substantially modify its order which was on appeal to district court); *but see In the Matter of Cossett,* 51 B.R. 166

---

1. American Club further requests this Court to vacate the August 4 Order until American Club is afforded an opportunity for discovery regarding the validity of the claims as to which they were ordered to indemnify. Discovery is no longer an issue given the Bankruptcy Court's Order of September 2, 1993 directing the PLI Trustee to submit to American Club its requested discovery information concerning the settlements. *See* Transcript of Hearing on Motion to Quash Subpoena at 11–12. Accordingly, upon appeal, this request will not be considered.

2. In *Liman,* the Court held that an insurer was obligated to indemnify a bankruptcy trustee who settled tort claims by paying the claims subject to

the claimant repaying the bankrupt estate $1000 (representing the insurance deductible) in exchange for a general claim against the trustee. Under the stipulation approved by the Bankruptcy Court in this case, the PLI Trust would pay claimants $100,000 and the claimants would lend the money back to the PLI Trust, to be repaid to claimants after American Club indemnified PLI. Because the Trust has very low funds, this was apparently the only method by which to trigger American Club's duty to indemnify under the "pay first" obligation contained in the policies. As the phrase implies, P & I policies generally require the insured to pay a claimant first before the insurer's duty to indemnify the insured arises.

(Bankr.S.D.Oh.1985) (bankruptcy court had jurisdiction to rule on Trustee's motion despite pending appeal of bankruptcy court's previous order regarding same subject matter).

An appeal to this Court would materially advance the ultimate termination of this litigation. The question of whether the Bankruptcy Court had jurisdiction to issue its August 4, 1993 Order goes to the heart of the matter.

For the reasons stated above, I find that American Club has established the criteria governing this Court's discretion to grant leave to appeal the Bankruptcy Court's interlocutory order under 28 U.S.C. § 1292(b). Accordingly, American Club's motion for leave to appeal the Bankruptcy Court's Order of August 4, 1993 directing American Club to comply with the Bankruptcy Plan of October 4, 1990 and to reimburse the Trustee for sums expended in accordance with *Liman* is hereby granted.

The instant appeal from the Bankruptcy Court's August 4, 1993 Order is hereby consolidated with the pending appeal from that court's December 10, decision in 93 Civ. 1481. The appeals will be argued together in Room 307 at 10:00 a.m. on November 19, 1993.

It is SO ORDERED.