**In re David Paul WINSTEAD and Susan Holt Winstead, Debtor.**

**Gregory FELTS, Appellant,**

v.

**James C. BISHOP, William O. Moseley, Trustee for David Paul Winstead and Susan Holt Winstead, Debtors; and the Planters National Bank & Trust Co., Appellee.**

**James C. BISHOP, Appellant,**

v.

**Gregory FELTS, William O. Moseley, Trustee for David Paul Winstead and Susan Holt Winstead, Debtors; and the Planters National Bank & Trust Co., Appellee.**

Bankruptcy Nos. C–83–178–G, C–83–257–G.

United States District Court, M.D. North Carolina, Greensboro Division.

Sept. 30, 1983.

David F. Meschan, Greensboro, N.C., for appellants.

R. Walton McNairy, Greensboro, N.C., for appellees.

## MEMORANDUM OPINION

ERWIN, District Judge.

This matter is before the court on appeal from orders of the United States Bankruptcy Court, James B. Wolfe, J., dated December 2, 1982 and February 3, 1983. A summary of the facts relevant to the appeals follows.

On November 1, 1982, the trustee filed an application in the bankruptcy court seeking approval of a private sale of real property of the estate of the debtor to Gregory Felts for the sum of $44,000. A hearing on that matter was scheduled for November 24, 1982, and notice of that hearing was given to creditors and Mr. Felts on November 4, 1982. At the scheduled hearing on November 24, 1982, the trustee requested approval of the sale of the property to James C. Bishop for $45,000. No one objected to the proposed sale to Mr. Bishop at the hearing, and the bankruptcy court indicated its approval of the sale. Although he had notice of the hearing, Mr. Felts did not attend.

The trustee deeded the property to Mr. Bishop on November 24, 1982. An order of the bankruptcy court approving the private sale of real property to Mr. Bishop was not entered until December 2, 1982. The following day, December 3, 1982, the deed of conveyance from the trustee to Mr. Bishop

was recorded in the Guilford County, North Carolina Public Registry. On December 13, 1982, Mr. Felts filed a notice of appeal from the order for private sale and a motion for stay of the order for private sale pending appeal. The bankruptcy court granted a stay of the order for private sale and entered an order to that effect on December 27, 1982. Mr. Felts then moved for a rehearing. The bankruptcy court granted Mr. Felts' motion for a rehearing, and on February 3, 1983, the bankruptcy court entered an order vacating the December 2, 1982 order which approved the private sale of real property to Mr. Bishop.

The appeals raise several questions of law. The first question is whether the bankruptcy court retained jurisdiction to reconsider and vacate its own orders after the filing of notice of appeal of those orders. This court is of the opinion that the bankruptcy court lacked such jurisdiction. "A bankruptcy court has wide latitude to reconsider and vacate its prior decisions, so long as the proceedings have not been terminated, and no intervening rights have become vested which would be disturbed by a modification or reconsideration of the court's decision." *Matter of Combined Metals Reduction Co.,* 557 F.2d 179, 200–01 (9th Cir.1977). On the other hand, to allow the bankruptcy court to reconsider its decision once a notice of appeal has been filed, as in this case, would vest both the district court and the bankruptcy court with "concurrent jurisdiction over the subject matter of an appeal." *Matter of Combined Metals Reduction Co.,* 557 F.2d at 200. The court concludes that the bankruptcy court erred in vacating its December 2, 1982 order approving the sale of the property to Mr. Bishop. The February 3, 1983 order vacating the prior order is void.

Next, the court must consider whether the requirement of notice and a hearing of Section 363(b) of the Bankruptcy Code was met under the circumstances of this case. That statute provides: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C.

§ 363(b). "After notice and a hearing" is defined in section 102(1) of the Bankruptcy Code as follows:

(1) "after notice and a hearing", or a similar phrase—

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

(B) authorizes an act without an actual hearing if such notice is given properly and if—

(i) such a hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act...

11 U.S.C. § 102(1).

In the instant case, Mr. Felts received notice of a hearing on the proposed sale of the property to him, but he did not receive notice of a hearing on the proposed sale of the property to Mr. Bishop. As a bidder, Mr. Felts was a party in interest and entitled to notice of a hearing concerning the sale of the property. *In Re Time Sales Finance Corporation,* 445 F.2d 385 (3rd Cir.1971), *cert. denied,* 405 U.S. 917, 92 S.Ct. 940, 30 L.Ed.2d 786 (1972). The notice given in the instant case was specific in its indication that a proposed sale of the property to Mr. Felts for $44,000 would be considered at the November 24 hearing. Mr. Felts' offer to purchase the property was not presented to the court on November 24, 1982; instead, the trustee requested approval of a sale to a higher bidder of whom Mr. Felts had no knowledge. Under the circumstances, the notice of the November 24, 1982 hearing was inadequate, and, therefore, the order of the bankruptcy court approving the sale of the property to Mr. Bishop must be reversed.

Finally, the court must consider the effect of its reversal of the December 2, 1982 order of the bankruptcy court on the title to the property conveyed by the trustee to Mr. Bishop. Section 363 of the Bankruptcy Code states:

The reversal or modification on appeal of an authorization ... of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). Similarly, Rule 805 of the Rules of Bankruptcy Procedure provides:

Unless an order approving a sale of property or issuance of a certificate of indebtedness is stayed pending appeal, the sale to a good faith purchaser or the issuance of a certificate to a good faith holder shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser or holder knows of the pendency of the appeal.

The facts of this case are unusual in that the trustee conveyed the property to Mr. Bishop on November 24, 1982 after the bankruptcy court indicated its approval of the sale but prior to entry of the bankruptcy court's order approving the sale on December 2, 1982. Mr. Felts filed a notice of appeal from the December 2, 1982 order and a motion for stay of that order pending appeal within the ten-day period allowed by statute. Rules Bankr.Proc.Rule 802, 11 U.S.C.

Mr. Bishop, through counsel, argues that his title to the property cannot be affected by subsequent review of the bankruptcy court's order approving the sale because the title transfer was consummated prior to entry of the stay order in this case. The court finds Mr. Bishop's argument unpersuasive. Rule 801 of the Rules of Bankruptcy Procedure provides that an appeal from an order of the bankruptcy court shall be taken by filing a notice of appeal within the ten-day period allowed under Rule 802 of the Rules of Bankruptcy Procedure. If no notice of appeal is filed within the statutory period, the order of the bankruptcy court becomes final. Rules Bankr.Proc.

Rule 803, 11 U.S.C. Consequently, the trustee acts prematurely in conveying property prior to expiration of the ten-day period. It is inconsistent to construe the procedural guidelines provided by the Rules of Bankruptcy Procedure as requiring the result urged upon the court by Mr. Bishop. No sale could ever be affected by appellate review if the court adopted Mr. Bishop's contention because the trustee and purchaser could circumvent the procedural guidelines by effecting a conveyance prior to the time in which an appellant can seek a stay. The motion for a stay order in the instant case was made within the applicable statutory period, and an order granting the stay was subsequently entered. Therefore, the validity of the sale to Mr. Bishop may be affected by this court's reversal of the order approving the sale.

The court is mindful of the emphasis upon finality in judicial sales and the requirement that there be compelling equities in order to set aside confirmed sales. *Matter of Cada Investments, Inc.,* 664 F.2d 1158, 1162 (9th Cir.1981). Such compelling equities are present in this case. Mr. Felts received notice that approval of his bid for purchase of the property would be considered at a hearing. Approval of the sale to Mr. Felts was not sought from the bankruptcy court. Instead, the trustee sought and obtained approval of the sale of the property to Mr. Bishop. An appeal by Mr. Felts was timely filed, which gave notice to all parties that the sale would be contested. Therefore, the court is of the opinion the conveyance should be set aside and the property returned to the trustee for proper disposition in keeping with the opinion of this court. The court will enter an order simultaneously herewith reversing and remanding the case to the bankruptcy court for further proceedings in accordance with this opinion.