**In the Matter of ALDERSGATE FOUNDATION, INC., Debtor.**

**Bankruptcy No. 74–383 Orl P.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 16, 1985.

Johnie A. McLeod, Apopka, Fla., for Donald C. Church.

Donald C. Church, trustee for Donald C. Church Trust.

J. Gordon Arkin, Orlando, Fla., for Freedom Federal Sav. and Loan Assn. as successor in interest to ComBank of Winter Park.

Mark E. Budnitz, Chief, Branch of Reorganization Securitys and Exchange Commission, Atlanta, Ga., Lee Jay Colling, Orlando, Fla., Trustee and for trustee.

### ORDER ON TRUSTEE'S APPLICATION FOR RELIEF

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a pre-Code corporate reorganization case in which the Plan of Reorganization has long been confirmed and the matter under consideration relates to the last, albeit a very significant, unresolved matter. The facts as they appear from the

record and which are not without dispute, are as follows:

In the course of the administration of the estate of the Debtor, Aldersgate Foundation, Inc. (Aldersgate), a non-profit corporation, the Trustee was successful in securing the forfeiture of earnest money deposits in the amount of $500,000 and $20,000, respectively. These monies were posted by prospective buyers as earnest monies toward the proposed purchase of the assets of Aldersgate located in Kissimmee and in Key West, Florida. In both instances, the buyers were unable to obtain the financing necessary to complete the purchase which in turn produced the forefeiture. The funds forfeited now amount to $1,009,-953.49 due to interest earned on the principals deposited in interest bearing accounts by the Trustee.

In due course, the Trustee sought a determination by this Court as to the proper allocation of these funds among the competing interests of holders of bonds secured by mortgages which encumbered the real property owned by Aldersgate at Kissimmee and at Key West, the properties which were involved in the aborted sales which in turn produced the forfeited funds, and certain unsecured creditors. At a duly scheduled hearing, this Court adopted the distribution formula submitted by the Trustee over the objection of certain unsecured creditors (the Brewer Interest) and ordered the Trustee to proceed and make distribution in accordance with the approved formula.

The Order was entered on March 18, 1985. The Brewers, having been aggrieved by this Order, timely filed a Notice of Appeal challenging the propriety of the Order of distribution but failed to seek a stay pending appeal either from this Court or from the District Court. Notwithstanding this fact, the Trustee did not make a distribution, but instead filed an "Application for Relief," the matter under consideration.

In his application, the Trustee seeks an order relieving him of the duty to distribute the funds as required by the Order of March 18, 1985. It is the Trustee's contention that he should not be required to make distribution until the Brewer appeal is decided because in the event the Order of March 18, 1985 is reversed, he will be required to redistribute the funds and since, at that time, all funds will have already been distributed, he may be personally liable if he is unable to recover the funds distributed pursuant to the Order of March 18, 1985. In this connection, the Trustee points out that the distribution of dividends would involve several thousand prospective recipients residing in all but three of the fifty states of the Union and also overseas and the task to recover dividends in this instance would not only be prohibitive because of cost, but well-nigh impossible in light of the realities of the situation.

Based on this, the Trustee, being apprehensive of a possible personal exposure in case of a successful appeal by the Brewers, urges that this Court should relieve him of the requirements of the Order of March 18, 1985. The Trustee's Application is opposed by Freedom Savings & Loan Association (successor in interest of ComBank of Winter Park), the Indenture Trustee under a bond issue sold by the Debtor. This Objection is based on the following contentions:

First, it is the contention of the Indenture Trustee that the Trustee's Application is, in essence, a motion to reconsider and to amend the order of March 18, 1985 and in light of the pendency of the Appeal, this Court no longer has jurisdiction concerning the Order of March 18, therefore, the Court is powerless to amend the Order; *citing*, *In re Winstead*, 33 B.R. 408, 409 (M.D.N.C. 1983); *In re Hardy*, 30 Bankr. 109, 111 (Bankr.S.D.Ohio 1983).

Next, it is the contention of the Indenture Trustee that in any event even if the Trustee's Application is construed to be a Motion to Stay Pending Appeal, the Trustee, having been the prevailing party before this Court, has no standing to request and obtain a stay. In this connection, the Indenture Trustee points out the obvious that the burden of obtaining stay pending appeal is placed on the appellant and the appellee has no standing to seek a stay

pending appeal. *In re Weathersfield Farms, Inc.,* 34 B.R. 435, 439 (Bankr.D.Vt. 1983); *In re Neisner Brothers, Inc.,* 10 B.R. 299, 300 (S.D.N.Y.1981); *In re Michigan-Ohio Building Corp.,* 117 F.2d 191 (7th Cir.1941).

In addition, it is the contention of the Indenture Trustee that there is nothing in this record to show that the Order on Appeal was erroneous, thus, it is unlikely that it will be reversed on appeal and since this is one of the elements required to be shown as a condition for obtaining a stay, even if the Trustee's Application is construed to be a Motion for Stay Pending Appeal, cannot be granted, *see, In re Sung Hi Lim,* 7 B.R. 319, 321 (Bankr.D.Hawaii 1980).

There is no question that all the foregoing legal principles urged by the Indenture Trustee correctly represent the law governing stays pending appeal. The difficulty with the propositions urged by the Indenture Trustee is that their applicability to the matter under consideration is highly doubtful if not totally non-existent.

First, the Order involved is not a final judgment or decree which represents a final resolution of a precise issue raised in litigation between a plaintiff and a defendant in an ordinary civil suit. On the contrary, in the last analysis it is nothing more than an order entered by the bankruptcy court under its overall supervisory power of administration of estates and the Order deals with the administration of the estate of a debtor involved in a Chapter X corporate reorganization case. Thus, the Order of March 18, 1985 is no different from any other discretionary orders entered in the course of administration of the estate, such as orders directing the payment of interim dividends or orders making interim allowances to parties seeking compensation. There is nothing in Chapter X of the Act of 1898 (now repealed) which provides a precise mandatory timetable for distribution of dividends unless the confirmed plan itself calls for payment of dividends pursuant to a precise fixed time schedule, which is not the case in the present instance. Thus, the question really boils down to this: should this Court permit the Trustee to withhold distribution of the funds on hand pending the resolution of the appeal in order to protect the Trustee and the interest of the estate on equitable grounds, or shall this Court enforce the order of March 18, 1985 and direct distribution of the funds on deposit in order not to delay the bondholders until the appeal is resolved. To choose the appropriate method to follow between the two possible alternatives, in the absence of a controlling statutory provision, this Court must, of course, as a court of equity, apply equitable principles. In doing so, it is necessary to balance the respective interest of the bondholders, the interest of the Trustee and the interest of the general estate and the harm which might ensue if distribution is ordered to be made now or is withheld. To resolve this issue, one must consider the possible harm the Trustee may be exposed to if he is required to make distribution.

There is authority to support the proposition that the Trustee is not personally liable in the event he distributed the funds on hand pursuant to an order of distribution and he is unable to recover the dividends paid if the order of March 18, 1985 is reversed. *In re Lilyknit Silk Underwear Co.,* 73 F.2d 52 (2d Cir.1934) and *United Properties, Inc. v. Emporium Department Stores, Inc.,* 379 F.2d 55, 71 (8th Cir.1967). However, both cases indicate that the Trustee must attempt to recover the improperly paid dividends. This task as indicated earlier, would impose a totally unjustified oppressive burden not only on the Trustee, but on the entire estate in this instance. Even if the Trustee would be required only to write demand letters to the thousands of recipients of the improperly distributed dividends in order to meet the mandate of *Lilyknit* and *United Properties,* this would be not only unduly burdensome, but also very expensive. Moreover, this course of action most likely would not suffice and the Trustee would be required to institute legal actions against bondholders who ignored the Trustee's demand letters in order to meet the mandate of *Lilyknit* and *United Properties.* In addition, the obvious futility of this course

of action needs no detailed elaboration in this particular case considering the number of bondholders involved, their age and their residences. A vast number of these bondholders are elderly, many of them have already passed away and their claims are involved in probate proceedings involving several heirs or are already held by numerous heirs scattered all over the globe.

The bondholders have already received very substantial dividends and the funds on hand, if not distributed, continue to earn dividends, thus increasing the funds available for ultimate distribution. Considering the interest of the bondholders balanced against the possible harm to the Trustee and the estate, it is clear that the delay in distribution would not create an unwarranted undue hardship on them.

In light of the foregoing, this Court is satisfied that the Trustee should not be required to make distribution pursuant to the order of March 18, 1985, pending resolution of the appeal. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Application for Relief be, and the same hereby is, granted and the effectiveness of the Order of March 18, 1985 is deferred pending the resolution of the appeal filed by the Brewers challenging the propriety of the Order of March 18, 1985.