In the Matter of the COMMODORE
CORPORATION and Commodore
Home Systems, Inc., Debtors.

Appeal of Tom M. GILL, et al.

No. S86–374.

United States District Court,
N.D. Indiana,
South Bend Division.

March 18, 1988.

James A. Chatz, Salvatore A. Barbatano, James H. Sprayregen, Chicago, Ill., Thomas F. Lewis, Jr., South Bend, Ind., for appellees.

Christopher C. Potts, South Bend, Ind., Nicholas Gilman, Daniel Hayes, Joel Rothstein–Wolfson, Washington, D.C., for appellants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on the motion to dismiss filed by appellees Commodore Corporation and Commodore Home Systems, Inc., the debtor in the bankruptcy court. Appellants Tom Gill, Michael Nail, Leo Mieth, and Vietnam Veterans of America, Inc. ("VVA") responded to the motion and also filed their own motion to vacate the June 16, 1986 order of the bankruptcy court. Commodore responded to the motion to vacate in their reply to the appellants' motion to dismiss. Accordingly, both motions are ripe for review.[1] This court has jurisdiction pursuant to 28 U.S.C. § 158.

## I. THE BANKRUPTCY PROCEEDINGS

This matter arises from a complex bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Indiana. On June 10, 1985, the Commodore Corporation and its subsidiary Commodore Home Systems, Inc. (herein-after referred to collectively as "Commodore") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The bankruptcy court ordered joint administration of the petitions and consolidated them for substantive purposes.

Initially, the bankruptcy court rejected several plans of reorganization that Commodore submitted. In due course, a third amended plan of reorganization was submitted and accepted. The third amended plan created eleven classes of creditors and two classes of shareholders ("equity security holders"). Under the plan, all general unsecured creditors would be paid twenty percent of their allowed claims, and the interests of all of Commodore's pre-petition shareholders would be terminated.

The third amended plan would be funded primarily through a stock purchase arrangement with an entity know as Great American Management and Investment, Inc. ("GAMI"). Upon entry of a final order in the bankruptcies, GAMI would make a large contribution of funds to Commodore, and a GAMI subsidiary known as Great American Credit Corporation ("GACC") would excuse a debt Commodore owed to it. In exchange, Commodore would issue to GAMI and GACC all stock in the newly reorganized corporation. This stock purchase agreement was expressly contingent on the finality of the bankruptcy reorganization: absent an appeal or stay, the stock purchase would take place on the day after the "effective date" of the plan; if the confirmation order was appealed, the stock purchase agreement would not become effective until the appeals' resolution.[2] On

---

1. The appellants have also briefed the merits of their appeal, but in an order dated September 3, 1986 the court stayed consideration of the merits until after the decision on Commodore's motion to dismiss.

2. The following provisions in the confirmation plan controlled the implementation of the stock purchase agreement:

Article I, ¶ 16:

"*Effective Date*" shall mean the first business day on or after the date upon which the Confirmation Order becomes a Final Order, provided, however, that if a stay of the Order confirming the Plan is in effect on such first business day, the Effective Date shall be the first business day, thereafter, upon which (i) no stay of the Order confirming the Plan or appeal or certiorari proceeding is in effect with respect to the Order and (ii) the Order confirming the Plan has not been vacated.

Article I, ¶ 17:

"*Final Order*" shall mean an Order entered and docketed by the Court on a certain date, from which certain date eleven business days have elapsed and upon which Order (i) no stay, or appeal, or certiorari proceeding is in effect

April 28, 1986, following an evidentiary hearing, the Bankruptcy Court issued the findings of fact and conclusions of law necessary for confirmation of the third amended plan. On May 5, 1986, a majority of creditors approved the plan and the Bankruptcy Court entered a confirmation order.

During the period between May 7 and May 16, 1986, the appellants and several others filed notices of appeal from the May 5 confirmation order. Although none of the appellants sought or obtained a stay of execution of the confirmation order and the third amended plan, these appeals blocked Commodore and GAMI from executing their stock transfer agreement.

On May 30, 1986, Commodore and GAMI returned to the bankruptcy court seeking an emergency order to modify the third amended plan to allow immediate execution of the stock transfer agreement and distribution to creditors. Commodore and GAMI asserted that the delay was causing a severe adverse impact on Commodore's business and that absent the stock transfer agreement's immediate execution GAMI would abandon funding. Following an evidentiary hearing, the bankruptcy court entered a confirmation order on June 16, 1986. The appellants did not seek a stay of the June 16, 1986 confirmation order nor did they file a notice of appeal from that order.

Commodore and GAMI consummated the stock purchase agreement on June 23, 1986. Thereafter, pursuant to the Bankruptcy Court's orders, Commodore paid $4,212,863.00 to its creditors under the approved plan. Commodore also sold real estate and personal property totalling $330,000.00.

## II. THE PARTIES' ARGUMENTS

Commodore and GAMI have moved to dismiss this appeal on the following grounds:

1. The appeal is moot due to the substantial consummation of the confirmation plan.

2. The appellants are estopped from seeking appellate review of the plan of reorganization by their failure to request a stay of either the May 5 or June 16, 1986 confirmation orders.

3. This court lacks jurisdiction over this appeal due to the appellants' failure to file a notice of appeal from the June 16, 1986 confirmation order.

The appellants argue in response that the bankruptcy court did not have jurisdiction to enter the June 16, 1986 confirmation order because the notices of appeal from the May 5, 1986 confirmation order deprived the bankruptcy court of jurisdiction. Alternatively, the appellants contend, their appeal is not moot nor are they estopped from appealing because (1) the plan explicitly contemplates reorganization over several years with the amount of the appellants' unsecured claims to be determined later, and (2) the bankruptcy court specifically, in its May 5, 1986 confirmation order, reserved the issue of whether the appellants received due process notice.[3]

In reply to the appellants' jurisdictional argument, Commodore contends that the June 16, 1986 confirmation order involved issues other than those included in the notice of appeal from the May 5, 1986 order. Additionally, Commodore argues that the bankruptcy court reserved jurisdiction to modify the May 5, 1986 confirmation order. On the mootness issue, Commodore argues that post-confirmation administrative matters do not preclude a finding of mootness

---

with respect to such Order and (ii) the Order has not been vacated.

**3.** The appellants have also argued that the existence of a pending adversary proceeding in the bankruptcy court to revoke the June 16, 1986 confirmation order precludes a finding of mootness. This issue has since been resolved in a June 2, 1987 order of the bankruptcy court; in

that order the bankruptcy court denied the appellants' motion to revoke the June 16, 1986 confirmation order for lack of jurisdiction. The bankruptcy court based its decision on the rationale that the June 16, 1986 order did not affect the issues involved in this appeal from the May 5, 1986 order. *See Matter of the Commodore Corporation,* 87 B.R. 62 (Bankr.N.D.Ind.1987).

due to substantial consummation of the reorganization.

## III. ANALYSIS

### A. *The Bankruptcy Court's Jurisdiction*

The court first must address the appellants' argument that the bankruptcy court was without jurisdiction to enter the June 16, 1986 confirmation order due to the pending appeals of the May 5, 1986 order. In support of their argument, the appellants rely on the analogy to a notice of appeal from a district court's decision. In that context, "[t]he filing of a timely and sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court to the court of appeals with respect to any matters involved in the appeal". 9 J. Moore, B. Ward, *Moore's Federal Practice* § 203.11. Although Rule 4(a)(4) of the Federal Rules of Appellate Procedure [4] and the similarly worded Bankruptcy Rule 8002(b) [5] provide that notices of appeal filed before the disposition of certain post-trial motions have no effect, the appellants argue that this principle is inapplicable to Commodore's Emergency Motion for Modification of the Third Amended Plan because Rule 8002(b) does not refer to such a motion. In opposition, Commodore contends that the bankruptcy court had jurisdiction to enter the June 16, 1986 confirmation order because that order did not affect the issues involved in the pending appeal from the May 5, 1986 confirmation order.

■ A pending appeal of a bankruptcy decision does not deprive the bankruptcy court of jurisdiction over issues not involved in the appeal. *In re Hardy*, 30 B.R. 109, 111 (Bankr.S.D.Ohio 1983); *In re Thatcher*, 24 B.R. 764, 765–66 (Bankr.E.D. Calif.1982). The application of this principle in the context of ordinary civil litigation is not difficult because the issues are usually precise and well-defined. However, in the context of a bankruptcy case, the analysis is complicated by the existence of "myriad issues, many [of which are] totally unrelated and unconnected with the issues involved in any given appeal taken by a litigant in the course of the administration of [the] case". *Matter of Urban Development Ltd., Inc.*, 42 B.R. 741, 743–44 (Bankr.M.D.Fla.1984).

■ Based on a review of the record, the court concludes that the June 16, 1986 confirmation order did not affect the issues on appeal and, accordingly, the notices of appeal filed from the May 5, 1986 order did not deprive the bankruptcy court of jurisdiction to enter the June 16, 1986 order. The appeal alleged that the following features of the confirmation of the Third Amended Plan constituted error:

(1) allowance of only twenty percent of any eventual verdict to victims suing under the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO");

(2) failure to hold the debtors fully accountable for damages due to fraudulent or willful torts;

---

**4.** Rule 4(a)(4) provides in pertinent part:

(4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above...:.

**5.** Bankruptcy Rule 8002(b) provides in pertinent part:

(b) **Effect of Motion on Time for Appeal.** If a timely motion is filed by any party: (1) for judgment notwithstanding the verdict under Rule 9015; (2) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 9023 to alter or amend the judgment; or (4) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed....

(3) failure to evaluate claims that might arise from a class action suit filed prior to the bankruptcy proceedings [6];

(4) denial of notice to the VVA and the class it represents;

(5) denial of proof of class action claims;

(6) omission of adequate information in the disclosure statement concerning governmental investigations, a pending class action suit alleging violations of RICO and other federal statutes, any credible evidence about the debtors' assets and debts, and the feasibility of the Plan of Reorganization.

In the June 16, 1986 confirmation order, the bankruptcy court did not address these issues; it merely modified the definitions of "Final Order" and "Effective Date" so that the Third Amended Plan could be implemented immediately despite the pending appeals from the May 5, 1986 order.

The appellants have cited numerous cases in support of the general rule that a bankruptcy court has no jurisdiction to enter an order affecting issues already appealed. These cases can be distinguished on the grounds that the orders in question, if valid, would have destroyed the jurisdiction of the appellate court or granted relief that the appellate court had already denied. *See, e.g., In re Bialac*, 694 F.2d 625, 627 (9th Cir.1982) (following appellate court's refusal to stay an order pending the outcome of an appeal, bankruptcy court had no jurisdiction to enter an injunction that would effectively grant the stay); *Combined Metals Reduction Co.*, 557 F.2d 179, 200 (9th Cir.1977) (after notice of appeal filed from district court's order denying motion to file objections, district court had no jurisdiction to vacate that order); *Matter of Urban Development Ltd., Inc.*, 42 B.R. at 744 (following appeal of bankruptcy court's order that lifted an automatic stay and allowed a state foreclosure action to proceed, bankruptcy court held that it was without jurisdiction to grant an injunction halting the foreclosure sale); *In re Win-*

*stead*, 33 B.R. 408, 409 (M.D.N.C.1983) (following appeal of bankruptcy court's order allowing sale of debtor's property, bankruptcy court was without jurisdiction to vacate the order allowing the sale); *In re Form–Eze Systems, Inc.*, 25 B.R. 590 (Bankr.D.N.M.1982) (after filing of notice of appeal, district court, rather than bankruptcy court, has jurisdiction to determine procedural defects in notice of appeal). Here, the bankruptcy court's June 16, 1986 order did not modify the terms of the May 5, 1986 confirmation order that were challenged on appeal; it merely allowed the implementation of the Third Amended Plan during the appeals process. Such an order is consistent with the realities of corporate reorganization under Chapter 11, which contemplates modification of a plan of reorganization following confirmation. *See* 11 U.S.C. § 1127(b) (allowing modification at any time after confirmation and before substantial consummation).

### B. *Appellate Jurisdiction*

■ Having decided the jurisdictional issue raised by the appellants' motion to vacate the June 16, 1986 order, the court must address the jurisdictional argument raised in Commodore's motion to dismiss. Based on Bankruptcy Rule 8002(b), Commodore argues that this court lacks jurisdiction to consider this appeal. Specifically, Commodore contends that under Bankruptcy Rule 8002(b) the emergency motion to modify the May 5, 1986 order "destroyed" the pending appeals. Therefore, according to Commodore, the appellants' failure to file new notices of appeal within ten days after the June 6, 1986 order deprives this court of appellate jurisdiction, *see* Bankruptcy Rule 8002(a) (notices of appeal must be filed within ten days of entry of bankruptcy court's judgment, entry or decree).

The text of Bankruptcy Rule 8002(b) does not support Commodore's argument. By its terms, Bankruptcy Rule 8002(b) only

---

**6.** In light of the recent Seventh Circuit decision in *Matter of American Reserve Corp.*, 840 F.2d 487 (7th Cir.1988), the appellants would prevail on this issue if this court were to reach the merits of their appeal. However, the court's ruling on the grounds of mootness and estoppel, *see infra* at 570–71, precludes consideration of the merits of the appeal.

applies to four types of post-trial motions[7]; an emergency motion to modify a plan of reorganization is not among the four.[8]

Commodore contends further that the logic of Bankruptcy Rule 8002(b) applies by analogy, which would require the filing of a new notice of appeal after any modification of a confirmation order. However, such an approach would be inconsistent with the need to identify clearly the procedures defining this court's appellate jurisdiction in bankruptcy cases. Moreover, it would be logically inconsistent to hold that the June 16, 1986 order of the bankruptcy court did not affect the issues on appeal yet "destroyed" the pending appeals. The appellants filed a timely notice of appeal from the May 5, 1986 confirmation order; they are entitled to rely on that notice to invoke this court's appellate jurisdiction. Accordingly, this court has jurisdiction to consider the other arguments raised in Commodore's motion to dismiss.

### C. *"Substantial Consummation"*

Commodore's main argument in support of its motion to dismiss is that the appeal has become moot due to substantial consummation of the Third Amended Plan. Commodore also advances a related argument that the appellants' failure to seek a stay of the implementation of the plan estops them from challenging the plan on appeal.

■ An appeal properly is dismissed as moot when an appellate court lacks power to provide an effective remedy for the appellants should it find in their favor on the merits. *Mills v. Green*, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895). Appellate courts can order no fundamental changes in reorganization actions when there has been "substantial consummation"[9] of the plan to the extent that effec-

tive judicial relief is no longer available. *Miami Center Limited Partnership v. Bank of New York*, 820 F.2d 376 (11th Cir.1987), *reh. denied*, 838 F.2d 1547 (1988); *In re AOV Industries, Inc.*, 792 F.2d 1140, 1146 (D.C.Cir.1986); *Matter of Sun Country Development, Inc.*, 764 F.2d 406, 407 n. 1 (5th Cir.1985); *In re Information Dialogues, Inc.*, 662 F.2d 475, 476 (8th Cir. 1981). Failure to procure a stay is not *per se* dispositive of all issues raised on appeal; a stay is not a prerequisite to appeal. Nonetheless, an appeal properly is dismissed as moot when the appellant attacks matters inescapably bound to the degree of implementation of a substantially consummated plan. *In re Roberts Farms, Inc.*, 652 F.2d 793, 797 (1981). Dismissal is improper, however, when the appellant seeks relief that is unrelated to the degree of the plan's implementation, as when the appeal contests property transactions substantially independent of the plan, *see In re Roberts Farms*, 652 F.2d at 797, when a court can fashion a remedy for an appellant because future actions of a dispersing agent remain under the control of a plan, *In re Combined Metals Reduction Co.*, 557 F.2d 179 (9th Cir.1977), or when an appellant challenges fees that can be distributed to appealing creditors should the appeal be successful. *In re AOV Industries, Inc.*, 792 F.2d at 1149. Finally, the determination of mootness due to substantial consummation of a plan of reorganization must be conducted through a case-by-case inquiry into the feasibility or futility of effective relief should the appellant prevail. *Id.* at 1147–48.

■ A review of the implementation of the Third Amended Plan of Reorganization indicates that the reorganization has been

---

**7.** *See* n. 5, *supra.*

**8.** Indeed, as the appellants note in their brief, if Bankruptcy Rule 8002(b) applied to the emergency motion to modify, that motion would have been untimely because it was filed on May 30, 1986, more than ten days after the May 5, 1986 confirmation order.

**9.** 11 U.S.C. § 1101(2) defines "substantial consummation" as

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

substantially consummated. Since the entry of the bankruptcy court's June 16, 1986 confirmation order, Commodore and GAMI have carried out the terms of the stock purchase agreement, which required GAMI to give Commodore $5 million in cash and a $2 million promissory note in exchange for 92.1% of Commodore's outstanding stock. GAMI's subsidiary, GACC, received the remaining Commodore stock in exchange for cancellation of a $3.2 million claim against Commodore. From the proceeds of the stock purchase, Commodore has paid $4.2 million to its creditors.

The appellants argue that two factors preclude a finding of mootness. First, the Third Amended Plan contemplates payment of unsecured creditors' claims over a period of years. Second, the bankruptcy court, in its May 5, 1986 confirmation order, reserved judgment as to whether some of the appellants, specifically members of the class represented by the VVA, received proper notice of the hearings concerning the Third Amended Plan.

Initially, the court notes that, by definition, issues reserved by the bankruptcy court cannot affect the mootness inquiry in this appeal. Issues not yet decided by the bankruptcy court are not yet ripe for appeal. Therefore, the appellants' opposition to the motion to dismiss must rest on their remaining argument[10] that the continuing administration of the distributions to unsecured creditors under the plan precludes mootness.

In the context of the provisions of the Third Amended Plan, the continuing administration of the claims of unsecured creditors does not preclude a finding of substantial consummation. Substantially all of the property proposed by the plan to be transferred—the Commodore stock, real estate and personal property—has been transferred. Correspondingly, GAMI has assumed operation of Commodore's business and distribution under the plan has commenced. These transfers render impossible an award of effective judicial relief to the appellants. Simply put, the appellants request that this court throw out the Third Amended Plan and require the bankruptcy court to begin anew.[11] Such relief is not possible following substantial consummation of the Third Amended Plan. *See Miami Center, Ltd. Partnership v. Bank of New York*, 820 F.2d at 380 (effective relief impossible when all undisputed creditor claims have been paid and remaining funds reserved for all disputed creditor claims). No relief that would affect the appellants would be peripheral to the degree of the plan's implementation.[12]

It is appropriate to note that the implementation of the Third Amended Plan has been completed substantially due to the appellants' failure to request a stay of either the May 5, 1986 or June 16, 1986 confirmation orders.[13] In short, the appellants' failure to secure a stay has rendered the court unable to grant the appellants effective relief that would not result in reversal of a plan substantially consummat-

**10.** *See* n. 3, *supra.*

**11.** In their brief on the merits of the appeal, the appellants essentially request reversal of the May 5, 1986 confirmation order, evaluation of all disputed or unliquidated claims, reformulation of the joint disclosure statement to include the appellants' claims, and a new vote and confirmation hearing on a plan of reorganization that would include the appellants' claims at full value or exempt from discharge in bankruptcy. *See* Appellants' Initial Brief (on the merits) at 35.

**12.** Although the appellants have requested alternative relief in the form of reversal of the bankruptcy court's confirmation order to the extent that it binds the three named appellants, *see* Appellants' Initial Brief (on the merits) at 35–36,

this relief is also barred by the substantial consummation of the Third Amended Plan because it would have the effect of reversing the discharge in bankruptcy of the named appellants' claims, which were valued in the plan.

**13.** *See Matter of the Commodore Corporation,* 87 B.R. 62, at 63 (Bankr.N.D.Ind.1987) (noting that by August 15, 1986, although five distributions had been made under the third amended plan and pursuant to the bankruptcy court's orders, the appellants had sought no stay of further consummation) and at 5 ("The court determines that the [appellants'] attempt to stay distribution by arguing lack of jurisdiction is [designed to] circumvent [Bankruptcy Rule 8005's requirement that a bond be posted] in order to obtain a stay of distribution.").

ed and relied upon by many parties. Accordingly, the appeal must be dismissed as moot.

The appellants' failure to seek a stay of distribution under the Third Amended Plan also provides an alternate ground for dismissal of their appeal: estoppel. An appellant's failure to seek a stay of distribution coupled with a substantial change of circumstances justifies dismissal of the appeal on the grounds of estoppel. *In re Roberts Farms, Inc.*, 652 F.2d at 798; *Valley National Bank of Arizona v. Trustee*, 609 F.2d 1274, 1283 (9th Cir.1979), *cert. denied* 444 U.S. 1015, 100 S.Ct. 667, 62 L.Ed.2d 645 (1980).

## IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS that the appellees' motion to dismiss this appeal is GRANTED. APPEAL NOW DISMISSED. SO ORDERED.