909 F.2d 1486
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Robert E. PENN and Patsy S. Penn,
Debtors-Appellants.
Parke State Bank, Appellee.
 No. 89-3396.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 20, 1990.*
Decided Aug. 7, 1990.
Rehearing and Rehearing En Banc Denied Sept. 24, 1990.
 
 Before COFFEY and FLAUM, Circuit Judges and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Debtors-appellants, Robert and Patsy Penn appeal from the district court's decision affirming the bankruptcy court's order which lifted an automatic stay as to a creditor, the Parke State Bank (Bank). Because the Penns voluntarily dismissed in bankruptcy court their Chapter 11 bankruptcy petition subsequent to filing their appeal to the district court, we hold that the appeal is now moot. We reverse the decision of the district court on the merits and remand for dismissal.
 
 
 2
 On November 2, 1985, the Penns filed a petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. Pursuant to 11 U.S.C. Sec. 362, this filing stayed foreclosure proceedings the Bank had initiated in Indiana state court. The bankruptcy court approved a Preliminary Agreement of Adequate Protection between the two parties which required the Penns to continue making payments on their home. On March 16, 1987, the Bank filed a claim in bankruptcy court because the Penns failed to abide by the Agreement, and the Penns filed an objection. On March 4, 1988, the bankruptcy court held a hearing on Penn's objection to the claim, and the court found that the Bank had a net secured claim of $68,346.00. The bankruptcy court's order, which had the effect of allowing the Bank to proceed with its foreclosure action in state court, was functionally an order lifting the automatic stay, and we will construe it as such. The Penns then filed a notice of appeal to the district court from this order, and the Bank went on to successfully litigate its state court foreclosure action. In an unpublished order, the Indiana appellate court recently affirmed the circuit court's decision. Penn v. The Parke State Bank, No. 61A01-8903-CV-81 (Ind.App. June 18, 1990). On January 4, 1989, while the appeal before the district court was still pending, the Bankruptcy Court granted the Penns' motion to voluntarily dismiss their Chapter 11 proceedings.[1]
 
 
 3
 On September 29, 1989, the district court ruled on the order of the bankruptcy court lifting the stay. The court denied the Bank's motion to dismiss for mootness, relying on In re Stardust Inn, Inc., 70 B.R. 888, 890 (E.D.Penn.1987), which holds that when an adversary proceeding is pending in bankruptcy court and the Chapter 11 proceedings from which the adversary proceeding emanated is dismissed, the fate of the adversary proceeding lies within the discretion of the court in which the adversary matter is pending. The district court gave several reasons for deciding that it had jurisdiction over the appeal despite the dismissal of the underlying action. Initially the court noted that the bankruptcy court's order did not purport to dismiss the appeal. The court also concluded that the Penns did not want the appeal dismissed given their failure to file a motion to dismiss the appeal in the district court pursuant to Bankruptcy Rule 8001(c). The court also stated that the Penns' claim against the bank was first litigated before the bankruptcy court. After finding it had jurisdiction, the district court affirmed the bankruptcy court's order, and the debtor took a timely appeal to this court.
 
 
 4
 A threshold question is whether the bankruptcy court's order lifting the stay is a final order. Although appellate jurisdiction in bankruptcy cases is a murky subject, Kham & Nates' Shoes No. 2, Inc. v. First Bank of Whiting, No. 89-3001, slip op. at 4 (7th Cir. July 19, 1990), this court has held that an order lifting a stay is a final order for purposes of appellate review under 28 U.S.C. Sec. 1293(b), the precursor of 28 U.S.C. Sec. 158. Matter of Boomgarden, 780 F.2d 657, 660 (7th Cir.1985). In that case we adopted the reasoning of In re American Mariner Industries, 734 F.2d 426, 429 (9th Cir.1984), which examined the provisions of the bankruptcy code for expedited and ex parte proceedings in complaints for relief from an automatic stay, see section 362, and concluded that Congress intended the courts to adjudicate conclusively and expeditiously, apart from the bankruptcy proceedings, complaints for relief from an automatic stay. Id. at 429. Therefore we hold that a bankruptcy court's decision on a claim which has the effect of lifting an automatic stay under section 362(d) is a final decision.
 
 
 5
 The next question we must address is whether the bankruptcy court had jurisdiction to grant the Penns' motion to dismiss the Chapter 11 proceedings once the Penns filed the appeal to the district court. The general rule is that a pending appeal of a bankruptcy decision deprives the bankruptcy court of jurisdiction over issues involved in the appeal. Matter of Commodore Corp, 86 B.R. 564 (N.D.Ind.1988). This general rule, however, does not stand for the proposition that a bankruptcy court lacks jurisdiction to grant a dismissal of the Chapter 11 proceedings when the debtor brings the motion to dismiss and all the creditors agree that dismissal is proper.
 
 
 6
 Finally, we address the question of whether the district court had jurisdiction to reach the merits of the appeal once the Chapter 11 proceedings had been dismissed by the bankruptcy court. As a general rule, the dismissal of a bankruptcy case results in the dismissal of "related proceedings" because the court's jurisdiction of the latter depends upon the nexus between the underlying bankruptcy case and the related proceedings. In re Smith, 866 F.2d 576, 580 (3rd Cir.1989). Of course the appeal from the order lifting the stay was such a related proceeding. But the district court went on to address the question of whether the court may exercise its discretion to retain jurisdiction over such related claims after the termination of the bankruptcy proceedings. The few bankruptcy courts that have addressed this issue have held that the general rule that dismissal of a bankruptcy case terminates all adversary proceedings filed in that case is not without exception. See, e.g., Stardust Inn, 70 B.R. at 8912; In re Pocklington, 21 B.R. 199, 201 (S.D.Cal.1982). Drawing upon an analogy to the disposition of ancillary and pendent claims, these courts have held that they may consider a number of factors to determine whether jurisdiction should be retained. These factors include: (1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved. Stardust Inn, 70 B.R. at 891. The district court in this case weighed these factors and determined that justice would be best served by addressing the merits.
 
 
 7
 The district court, however, did not address the issue of mootness, which we believe to be dispositive of the case. The test for mootness is whether the relief sought would make a difference to the legal interests of the parties, as distinct from their psyches, which may remain deeply engaged in the merits. Air Line Pilots Ass'n Intern. v. UAL Corp., 897 F.2d 1394, 1396 (7th Cir.1990) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971)). If it would make no difference at all to those interests then a federal court is not really deciding a "case," and is exceeding the power conferred on it by Article III of the Constitution. UAL Corp., 897 F.2d at 1396. Declaring such a case moot and withholding relief not only gives expression to the policies thought inherent in Article III, but also the notion of judicial economy mentioned in the bankruptcy decisions.
 
 
 8
 In this case the dispute which forms the basis of the appeal no longer exists. Their protestations before this court to the contrary notwithstanding, the debtors no longer sought the protection of the bankruptcy laws once they filed the motion for voluntary dismissal. The creditors, by failing to object to the voluntary dismissal, seem colntent to pursue their remedies against the debtors elsewhere. Once the Chapter 11 proceedings were dismissed, any question in the federal courts regarding the Bank's claim and the lifting of the stay vanished. Furthermore the bank has already won its foreclosure action in state court. Therefore we conclude that the case is moot and the district court erred by reaching the merits.
 
 
 9
 Finally, the bank has moved for sanctions on appeal pursuant to Fed.R.App.P. 38. We agree that this appeal was frivolous and therefore grant the motion. We deny the bank's request for attorneys' fees and instead award it double costs.
 
 
 10
 For these reasons, we VACATE the decision of the district court and REMAND so that the appeal may be dismissed for want of subject matter jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The Bankruptcy Court's "Order Granting Debtors' Motion of Dismissal" provides:
 [t]he Debtors filed their Motion of Dismissal on December 7, 1988. The Court sent a notice dated December 12, 1988 to all creditors and parties in interest which informed them of the Debtors' motion for dismissal and gave them up to and including January 3, 1989 in which to object to the Debtors' motion. No objections were filed on or before the time specified. Accordingly, the Court now GRANTS the Debtors' Motion of Dismissal and FURTHER ORDERS that this chapter 11 proceeding be DISMISSED.