**In re LEGEND RADIO GROUP, INC., Debtor.**

**Civ.A. Nos. 97–0165–A, 98–0192–A, and 98–0195–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

April 8, 1999.

---

Patrick L. Hayden, Norfolk, VA, for plaintiff.

John M. Lamie, Abingdon, VA, for Legend.

Robert T. Copeland, Rebecca K. Glenberg, Richmond, VA, for Rita and Craig Sutherland.

Robert T. Copeland, Abingdon, VA, for Sutherlands.

Mark L. Esposito, Bristol, VA, for Edwards.

David J. Hutton, Abingdon, VA, for Southern Communications.

Margaret Garber, Roanoke, VA, for U.S. Trustee.

## MEMORANDUM OPINION

WILLIAMS, Senior District Judge.

### I. Introduction

All of the cases whose civil action numbers are listed above involve the same debtor and all revolve around the same issue, namely the status of a bankruptcy plan confirmed by Debtor's creditors and approved by this court on April 14, 1998. Thus, the court will proceed to decide several pending motions from the cases in this Memorandum Opinion.

### II. Facts of the Cases

Debtor owns and operates a radio station in the Bristol–Abingdon, Virginia area. It filed a voluntary petition for Chapter 11 bankruptcy on June 28, 1994. On August 25, 1994, the Bankruptcy Court ordered the Debtor, acting as a debtor-in-possession, to make monthly adequate protection payments in the amount of $1,500.00 to Southern Communications, Inc., one of Debtor's several creditors. While many of the monthly payments have been made, Debtor has failed to make payments for a total of 21 months (as of February 1999), and thus owes Southern Communications a sum of $31,500.00 for past-due adequate protection payments. After rejection of a reorganization plan proposed by the Debtor, another plan proposed by Debtor and one proposed by Richard Edwards were heard by the Bankruptcy Court on October 1, 1996. Edwards is another of Debtor's creditors. Both plans were subsequently modified, and Edwards' modified plan (hereinafter, "Edwards' plan") providing for the sale of the radio station and other of Debtor's assets to Bristol Broadcasting Company, Inc. for $335,000.00 was confirmed by the Bankruptcy Court on September 5, 1997. The money was paid into an interest-bearing escrow account. On April 14, 1998, this court entered an Order affirming the Bankruptcy Court's confirmation of Edwards' plan. Debtor appealed that decision to the Fourth Circuit Court of Appeals. No Order to stay the judgment of this court was entered.

The Fourth Circuit, upon motion of the Debtor, suspended the briefing schedule in that court. On July 2, 1998, Debtor returned to Bankruptcy Court with a Motion to Modify the confirmed plan. The proposed modification called for Don Nicewonder to loan $425,000.00 to the Debtor to allow it to pay off its debts and continue ownership and operation of its radio station (hereinafter, "Nicewonder plan"). That sum of money was also placed into an interest-bearing escrow account. The Bankruptcy Court entered an Order on October 7, 1998, finding that the Fourth Circuit had, in effect, authorized the Bankruptcy Court to entertain a Motion to Modify the confirmed plan. Accordingly, the Bankruptcy Court ordered that any additional or modified plans, accompanied by a disclosure statement, were to be filed within 60 days of the Bankruptcy Court's Order.

The first matter the court will address arises from this Order of the Bankruptcy Court. Bristol Broadcasting requested, and was granted, an interlocutory appeal

to this court.[1] Second, Debtor has requested that this court enter an Order staying enforcement of this court's April 14, 1998 confirmation Order pending appeal of this case to the Fourth Circuit. Southern Communications' Motion for Approval of Administrative Expense is also pending before the court. Finally, Bristol Broadcasting's Motion to Implement the Confirmed Plan is before this court.

## III. Appeal from the Bankruptcy Court's Order

### A. Standard of Review

■ In reviewing the decision of the Bankruptcy Court, this court uses two standards of review. The court reviews all factual findings of the Bankruptcy Court under the "clear error" standard. *De novo* review is exercised as to matters of law. *In re Bullion Hollow Enterprises, Inc.*, 185 B.R. 726 (W.D.Va.1995) (citing *In re Midway Partners*, 995 F.2d 490, 493 (4th Cir.1993)).

### B. Legal Discussion

■ The Bankruptcy Court clearly stated that its Order only determined the question of whether the Bankruptcy Court had jurisdiction to entertain the Motion to Modify the confirmed plan pending appeal of the plan to the Fourth Circuit Court of Appeals. Therefore, the only issue on appeal is whether the jurisdiction does indeed exist, given the facts of this case.

■ It is well-settled that the filing of a notice of appeal divests the trial court of jurisdiction over matters involved in the appeal, and confers jurisdiction in the appellate court. *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58–59, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). This rule applies with equal force to bankruptcy cases. *In re Commodore*, 86 B.R. 564, 567 (N.D.Ind.

1988); *In re Borg*, 92 B.R. 475, 476–77 (Bankr.D.Mont.1988). Thus, the bankruptcy court retains jurisdiction over matters which are not affected by the issues on appeal. *Commodore*, 86 B.R. at 567. When the Bankruptcy Court's September 5, 1997 Order was appealed to this court, the Bankruptcy Court lost jurisdiction over any matter which was affected by the issues on appeal to this court.

Before the Bankruptcy Court was a proposal to substitute one plan calling for Debtors to remain in control of the radio station for a previously confirmed plan calling for Debtors to sell the station. It is obvious that only one of the two plans can be given effect. Therefore, this court holds that the two plans are inextricably linked to one another, and that the Nicewonder plan thus involves a matter which is substantially affected by the issue currently on appeal to the Fourth Circuit, namely the confirmation of Edwards' plan. *See In re Southold Development Corp.*, 129 B.R. 18, 21 (E.D.N.Y.1991) (noting that the bankruptcy court is divested of jurisdiction over "matters undeniably related to issues on appeal").

Having determined that the Bankruptcy Court was thus stripped of any jurisdiction over the Nicewonder plan at the instant the Debtor filed its notice of appeal to this court on September 15, 1997, the court must now determine whether the Bankruptcy Court was revested with jurisdiction over the plan. Debtor contends that the Fourth Circuit's Order staying the briefing schedule in the appeal has authorized the Bankruptcy Court to hear the Motion for Modification. The court has examined both the Motion which Debtor made to the Fourth Circuit in which Debtor requested the stay of the briefing schedule, as well as the Order entered by the Fourth Circuit.

The Circuit Court's Order granted "appellant's motion to suspend the briefing

1. This matter also comes before the court pursuant to an Order dated November 19, 1998 which withdrew the reference of the Bankruptcy Court in the case.

schedule." Appellant Legend Radio was additionally ordered to file monthly status reports "on the status of the motion to modify the plan." Thus, it is obvious that the Fourth Circuit understood that Debtor's Motion was for the purpose of allowing it to bring a Motion for Modification before the Bankruptcy Court. Although the Fourth Circuit did not explicitly state that jurisdiction was being returned to the Bankruptcy Court, *see In re Tri–L Corp.*, 65 B.R. 774, 778 (Bankr.D.Utah 1986) (noting that express statements of retention of jurisdiction generally allow a court to so retain jurisdiction), by requesting status reports on the Motion, the Circuit Court must have meant for the Bankruptcy Court to consider the Motion. This court does not believe that the Fourth Circuit would allow, and in fact encourage, a Motion to be brought before a lower court which lacked jurisdiction to consider the Motion. Therefore, this court concludes that the Bankruptcy Court was properly vested with jurisdiction to consider the Motion. Because this court has withdrawn the reference of the Bankruptcy Court in this case, the parties' arguments on appeal regarding the propriety of the Motion will be considered by this court *de novo*.

## IV. Propriety of Debtor's Motion for Modification under 11 U.S.C. § 1127

■ Bristol Broadcasting contends that Debtor's Motion for Modification should be denied because it fails to meet certain requirements of 11 U.S.C. § 1127. Section 1127(b) provides for the modification of plans after confirmation, but only under certain circumstances. Bristol Broadcasting, in its brief and at oral argument, has set out a variety of requirements which it claims are not met by the Nicewonder plan. However, this court need not address all of the claims because the court finds the first argument made by Bristol Broadcasting conclusive of the matter.

■■ The Debtor bears the burden of establishing that all the requirements of 11 U.S.C. § 1127(b) are met. *See In re*

*BNW, Inc.*, 201 B.R. 838, 845 (Bankr. S.D.Ala.1996). These requirements are detailed in 11 U.S.C. §§ 1122, 1223 and 1127(b). Additionally, an implicit requirement is that the proposed modification actually be a modification, and not an entirely new plan. *See Prudence–Bonds Corp. v. City Bank Farmers Trust Co.*, 186 F.2d 525, 528 (2nd Cir.1951) (where Judge Learned Hand wrote that "[t]he court may never under the guise of 'alteration' or 'modification' substitute an entirely new 'plan' in place of the original."). It is this latter requirement that the court concludes is not met in this instance because the Nicewonder plan is actually an entirely new plan.

The confirmed plan in this case, which was proposed by Edwards, calls for the liquidation of Debtor's key asset—the radio station. By contrast, the Nicewonder plan is a plan of reorganization which would allow Debtor to continue its ownership and operation of the radio station. The stark contrast between these two plans convinces the court that the Nicewonder plan, rather than modifying a portion or portions of the Edwards plan, has instead wiped the slate clean and developed an entirely new plan, which retains none of the key elements of the confirmed plan. Having determined that one of the requirements of § 1127(b) is not met, the court need not inquire as to whether the other requirements of that subsection are satisfied in the instant case. Thus, the court denies Debtor's Motion for Modification of the confirmed plan.

## V. Debtor's Motion for Stay Pending Appeal

■ Debtor has moved for a stay pending appeal of this case to the Fourth Circuit. As noted above, no action is currently being taken on the appeal, as the Fourth Circuit has suspended the briefing schedule. Bristol Broadcasting has filed a Memorandum setting forth its objections to this Motion.

■ The Fourth Circuit's decision in *Long v. Robinson*, 432 F.2d 977 (4th Cir. 1970), guides this court in its consideration of Debtor's Motion. In *Long*, the Fourth Circuit established a four-part test to be applied to Motions for stays pending appeal within the circuit. *Id.*, at 979. A party seeking a stay must show (1) that it will likely prevail upon the merits of the appeal, (2) that it will suffer irreparable harm if the motion for a stay is denied, (3) that other parties will not be harmed by the stay, and (4) that granting a stay will serve the public interest. All four parts of the test must be met before a stay will be issued. *Id.*

Bristol Broadcasting will be harmed if a stay is issued. The court notes initially that Bristol Broadcasting is a party to this case, as it has a definite stake in the confirmed plan as the purchaser of the radio station. Also, the court notes that any harm to a party such as Bristol Broadcasting need not be irreparable. Bristol Broadcasting will be harmed if a stay is issued because it will continue to be deprived of the opportunity to begin operating a radio station and from attempting to profit from such operation. Having established that at least one of the requisite elements of the test is missing, the court concludes that it would not be proper to grant Debtor's Motion for Stay Pending Appeal, and thus denies Debtor's Motion.

## VI. Southern Communications's Motion for Approval of Administrative Expense

Creditor Southern Communications has requested that this court approve monies owed it under an adequate protection payment order as an administrative expense, as defined in 11 U.S.C. § 503(b)(3)(D). Although a hearing on this Motion was noticed for March 1, 1999, the date on which several of these other motions were heard, the court believes that a separate hearing is necessary in order to rule upon this Motion, and thus will not rule on the Motion at this time.

## VII. Bristol Broadcasting's Motion to Implement the Confirmed Plan

■ Bristol Broadcasting has requested that Debtor begin to take steps to implement the Edwards plan, which was confirmed by the Bankruptcy Court more than 18 months ago and by this court nearly one year ago. At this time, Debtor has taken no action to begin implementation of the plan, which is now on appeal to the Fourth Circuit. The Bankruptcy Code provides that confirmed plans "shall [be] carr[ied] out" and that "[t]he Court may direct the Debtor . . . to effect the transfer of property dealt with by a confirmed plan." 11 U.S.C. § 1142. The already lengthy delay in this case has resulted in much of Debtor's estate being swallowed up by attorneys' fees and costs, and continued delays are likely to continue much of the same. For these reasons, the court orders Debtor to immediately taken substantial steps to comply with the confirmed plan in this case, including, but not limited to, executing and delivering all necessary documents relating to the sale of its assets to Bristol Broadcasting and filing the appropriate documents with the Federal Communications Commission so that it may evaluate this sale.

## VIII. Conclusion

An Order stating the court's rulings on all the matters discussed herein shall be entered this same day. The appeal to the Fourth Circuit may now continue. This court believes an expedited appeal should be granted in this case. It has been stated in oral argument that an additional $31,500.00 in administrative costs has accumulated in this bankruptcy proceeding in the past two years, and the court is concerned that costs and fees may continue to erode Debtor's estate, concluding in a Dickensian result.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

## *ORDER*

For the reasons stated in the Memorandum Opinion entered this date, it is hereby ORDERED that Debtor's Motions for Modification and for a Stay Pending Appeal are DENIED. Debtor is also ORDERED to come into immediate compliance with the August 25, 1994 adequate protection payment Order of the Bankruptcy Court. It is further ORDERED that Debtor shall immediately take substantial steps to comply with the confirmed plan in this case, including, but not limited to, executing and delivering all necessary documents relating to the sale of its assets to Bristol Broadcasting and filing the appropriate documents with the Federal Communications Commission so that it may evaluate this sale.